UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC KRAJEWSKI,

        Plaintiff,

    v.                                    Case No. 2:24-cv-189-JES-KCD

SCOTTSDALE INSURANCE
COMPANY,

        Defendant,

_____/

## ORDER

Before the Court is Defendant Scottsdale Insurance Company's Motion to Strike Expert. (Doc. 33.)[1] Plaintiff Eric Krajewski has not responded, and the time to do so passed. The Court thus considers the motion unopposed. *See* Local Rule 3.01(c).

## I. Background

Krajewski alleges he submitted a claim for hurricane damage that Scottsdale will not pay despite coverage under the parties' insurance policy. To recover the funds reportedly owed, Krajewski sues for breach of contract. (Doc. 6.)

This case is operating under a case management plan tailored to the circumstances of an insurance dispute. (*See* Doc. 15.) Pertinent here, the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

parties were required to disclose "[a]ll expert reports and expert disclosures under Rule 26(a)(2) . . . no later than 180 days after a" responsive pleading. (*Id.* at 15.) Krajewski timely disclosed an expert—Phaion Hicks. (Doc. 33-1.) The expert disclosure supplies the broad outlines of his anticipated testimony:

> Mr. Hicks is a professional engineer, certified general contractor and certified roofing contractor. He has years of experience in the field of engineering and regularly performs evaluations to determine the cause, origin, and duration of water damage and roof damage in Florida. Mr. Hicks is expected to offer expert opinion based on inspection of the property at issue. Mr. Hicks will also testify as to his review of pertinent records and documents, including but not limited to Plaintiff's estimates, invoices, and photographs and Defendant's Field Adjuster's photographs. Mr. Hicks' Professional Fee Schedule and CV/Resume are attached.

(*Id.* at 1-2.) But according to the record before the Court, Krajewski never provided a corresponding report. (Doc. 33 at 2.)[2]

Scottsdale now moves to "strik[e] Mr. Hicks as an expert in this matter and preclude[e] the use of [his] testimony and opinions at trial." (*Id.* at 4.) This relief is appropriate, according to Scottsdale, because Krajewski has not properly disclosed Hicks as an expert under Federal Rule of Civil Procedure 26(a)(2). Specifically, Krajewski failed "to provide the required expert report." (*Id.*)

---

[2] This document is not paginated. The Court thus cites to the page numbers generated by its electronic filing system.

## II. Discussion

Federal Rule of Civil Procedure 26 provides that a party must disclose any witness expected to provide expert testimony. But not all experts are treated the same. The disclosure for an expert "retained or specially employed to provide expert testimony" must include a report detailing all opinions the expert will express and the basis for them. Fed. R. Civ. P. 26(a)(2)(B). The report must also include "any exhibits that will be used to summarize or support [the opinions]," "the witness's qualifications," and "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *Id.*

Then there are nonretained experts, who are fact witnesses that may also provide limited opinion testimony based on their personal observations and professional training. *See, e.g.*, *Kaplan v. Kaplan*, No. 2:10-CV-237-FTM-99, 2012 WL 1660605, at *1 (M.D. Fla. May 11, 2012). "Nonretained experts need only provide the subject matter, facts, and opinions of their testimony." *Wainey v. United States*, No. 2:20-CV-969-SPC-NPM, 2022 WL 7026460, at *3 (M.D. Fla. Oct. 12, 2022). This disclosure is considerably less extensive than a full report, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel." Fed. R. Civ. P. 26, Adv. Comm. Notes to 2010 Amend.

Scottsdale labels Hicks as a retained expert. (Doc. 33 at 2.) The Court is not so sure. If Hicks was hired to assess and repair Krajewski's house rather than offer expert testimony in a lawsuit, this would put him in the nonretained category. *See, e.g.*, *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 20-CV-24587, 2022 WL 1197414, at *1 (S.D. Fla. Apr. 22, 2022); *Sands Pointe Ocean Beach Resort Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 1-21-CV-20806-JEM, 2022 WL 354851, at *2 (S.D. Fla. Jan. 13, 2022). Ultimately, this distinction doesn't matter. Even treating Hicks as a nonretained expert, Krajewski's disclosure falls short.

While a nonretained expert need not provide a full report, a party must do more than "identify generic subject areas of anticipated testimony, without identifying the actual substance or content of the opinions." *Almonte v. United States*, No. 19-80129-CIV, 2021 WL 3418402, at *3 (S.D. Fla. Apr. 21, 2021). There must, at minimum, be "summaries of the facts and opinions to which the witnesses are expected to testify." *Leibson v. TJX Companies, Inc.*, No. 8:17-CV-1947-T-33TGW, 2018 WL 3868708, at *3 (M.D. Fla. Aug. 14, 2018).

While Krajewski's expert disclosure outlines some of the subjects Hicks will discuss, there is no legitimate summary of the facts and opinions. For example, the disclosure states Hicks will "offer expert opinion based on

inspection of the property at issue." (Doc. 33-1 at 2.) Nowhere, however, does Krajewski provide the opinions formed from Hicks's inspection. This is not enough even under Rule 26's relaxed standard. *See, e.g.*, *O'Brien v. NCL (Bahamas) Ltd.*, No. 16-23284-CIV, 2017 WL 8315925, at *2 (S.D. Fla. Aug. 25, 2017).

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Compliance with this requirement "is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004). It is necessary to allow "both sides . . . to prepare their cases adequately and to prevent surprise." *Id.* A party who violates Rule 26 may be prohibited from using the identified witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

Krajewski did not provide a conforming report by the expert disclosure deadline. And his decision not to respond to Scottsdale's motion leaves the record silent about whether his conduct was substantially justified or harmless. What sanctions (if any) are appropriate is thus left for the Court to decide. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).

Scottsdale seeks exclusion. (Doc. 33 at 2.) But exclusion is not required. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 603 (11th Cir. 2019) (J. Carnes, concurring). "Rule 37(c)(1) continues to give the Court discretion to award alternative sanctions." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 695 (S.D. Ga. 2019). Exclusion is considered a drastic remedy since it can dictate the outcome and preclude a decision on the merits. *See, e.g.*, *Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-CV-474-SPC-NPM, 2021 WL 4750087 (M.D. Fla. Oct. 12, 2021).

Hicks's testimony is seemingly critical. Without him, Krajewski's case may end. *See, e.g.*, *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-CV-23362-KMM, 2018 WL 3412974, at *3 n.8 (S.D. Fla. June 11, 2018) ("Expert testimony is required regarding proof of causation where a jury is asked to assess complex . . . scientific issues outside the scope of a layperson's knowledge."). Discovery is also ongoing, closing in April. With time left, Krajewski can cure the deficiency. That is the better option, considering the importance of the evidence. Krajewski's conduct, at least at this point, does not warrant excluding testimony that may prove essential to his case when any prejudice can still be cured. *See Pitts*, 331 F.R.D. at 696 (finding "exclusion [was] too drastic a sanction" where "[r]eopening discovery best fit[ ] the substantive harm").

It is thus **ORDERED**:

6

1.     Scottsdale's Motion to Strike Plaintiff's Expert (Doc. 33) is **GRANTED IN PART AND DENIED IN PART**;

2.     Krajewski must update his disclosure for Hicks by January 31, 2025. It is Krajewski's burden to assess whether Hicks is retained or nonretained and modify the disclosure accordingly.

3.     If Scottsdale needs additional time beyond the current discovery deadline to depose Hicks or amend its own expert disclosures, the Court will entertain such an extension.

**ENTERED** in Fort Myers, Florida on January 22, 2025.

Kyle C. Dudek
United States Magistrate Judge